The first case is Belizaire v. Ahold. May I please accord? Good morning, Your Honors. My name is Mike Lingle. I'm here on behalf of the plaintiff's appellants in this matter. This appeal concerns the dismissal of a case involving delivery drivers who worked for Peapod by Stop and Shop and who did not receive the mandatory delivery fee that was automatically added to customer bills by the defendants. Instead, the defendants retained the entirety of the fee. The claim arises under New York Labor Law Section 196D. The parties agree that the seminal case from the New York State Court of Appeals on this matter is Samiento. Samiento provides that plaintiffs state a claim for unpaid gratuities under Section 196D when defendants represented or allowed their customers to believe that the charges were, in fact, gratuities for their employees. Samiento, though, involved a situation where there were representations made to people that the charge was a tip, and there was evidence that different customers believed that fact. None of that is apparent here, right? That's not in the pleadings, right? It's not in the pleadings, correct, Your Honor. The thing with Samiento, though, is that the Samiento decision is clear that it's represented or allowed customers to believe that fact. But there's no reason here to believe that anybody actually thought that other than maybe you. I mean, you state conclusively that the customers would have been misled or would have been allowed to believe in error that this was a tip, but there's no indication that anybody actually believed it, right? Well, Your Honor, this is a totality of the circumstances test, and it's a reasonable customer test. So the question, we believe that what we would really need to do here is go through fact discovery and formulate the facts that would inform that analysis of whether or not, based on what defendants did say or did not say, that what the customers actually believed as a result of that. Well, ultimately, you have to overcome the hurdle of a plausibility standard. And at the start, as the district court noted, you know, delivery fee does not have the same connotation to most people as a service charge. Delivery fee often refers to, I think generally refers to, the cost of putting the transportation, putting together the boxes and bringing them to the home, which would not be part of the gratuity. That is the district court's opinion. So what was wrong with that? Well, I believe that, right, as Your Honor just mentioned, there are a number of things that the district court found that a delivery fee could include. And those, I believe, the laundry list of potential things included the cost of trucks, fuel, packing materials, and salaries. The interesting thing about delivery fee and where the description occurs on the website as well is that it's in a section that is titled service fees and tipping. And so if you go through that section and you believe it's a service fee, that certainly informs the reader about what the delivery fee in that context means. I would say that, again, it goes back to what a reasonable customer would believe for delivery fee and also in context when you're talking about delivery drivers who customarily would receive some sort of gratuity for making the delivery. And particularly in the case where when a customer places an order on the website, there's no place for the customer to actually add a tip. What the customer sees instead is the delivery fee that has been automatically added to their bill. And so when you take a look at the totality of the circumstances here and what was pled in the complaint, and those facts include that what I just mentioned, the only thing that customers see when they place an order is the delivery fee. They get a receipt which lists the delivery fee. They don't get to add a tip when they check out. And there's no notification on the website whatsoever that the defendants are actually retaining the entirety of the fee. Under those circumstances, a reasonable customer could plausibly, you know, plausibly allege that a reasonable customer could understand that those delivery fees were gratuities that should go to the employees. The district court and defendants also rely on some other facts from the website, which I'd like to talk about briefly. One of the facts that the defendants discusses from the website is the structure of the fees. The defendants say that the fee was a fixed amount, a lower amount for orders over $100 compared to a fixed higher amount for orders under $100. I would say just from the complaint itself, you see that this fact is in dispute. We do not know yet how that fact will actually turn out or what customers understood from that disclosure. I would say that we had just started discovery, and based on what we have seen so far, it's not exactly as the defendants say. So there's no allegation that it's a percentage, right? There is no. Right. I mean, that's how tips usually work, right? There's sort of a percentage. As the bill gets bigger, the percentage stays the same, but the tip gets larger, right? It doesn't get smaller, does it? Sometimes customers would tip that way. I don't know in this context, when you're talking about orders delivered to your house, if you don't think or a reasonable customer wouldn't think about it in terms of, well, for a certain value, I'm willing to pay a certain amount, and for another value, I'm willing to pay another amount. Can I just ask, you know, I hadn't focused until you mentioned it, how the tipping and the delivery fees are under a section called service fees on the website, right? Correct. But considering when you go to that page and it says service fees and tipping, doesn't that really cut exactly against you? Because they clearly distinguish between service fees and tippings, whereas in Samiento, the suggestion was that the service fees were misrepresented to be the tips. Whereas in this page, they clearly say, here's a service fee, and, oh, and guess what, tipping is optional. Your Honor Don't they just clearly distinguish? And they basically say these are two mutually exclusive ideas. That's right on the face of the page. No, Your Honor. An equally plausible reading of that website disclosure would be that as you look through it, service fees and tipping, when you go down, the first section describes, I believe, the way the delivery fee structure works, and then talks about a pickup fee. And then after you get through all that, it says minimum orders have to be a certain dollar value. And then when you get past all of that, then it says that tipping is optional. By the time a customer, if they even read it, which we don't know because it wasn't on the website when they placed the order, if a customer even got to that point, by the time they've already understood they're paying a delivery fee, of course they would think then, well, tipping after that would be optional. So you think they would read that as saying tipping is mandatory and extra tipping is optional. That's how a reasonable customer would understand? That is certainly a way a reasonable customer could understand it. And we haven't been able to yet develop a factual record necessary to go through that totality of the circumstances test, which is required under Samiento. So my time is nearly out. I have reserved two minutes for rebuttal. Thank you. Sorry. May it please the Court. I'm Brendan Killeen from Morgan, Lewis & Bacchus on behalf of the appellees. The district court properly dismissed plaintiff's claim here because they failed to sufficiently plead a plausible claim that a reasonable customer would believe that a delivery fee was a gratuity. Merely alleging that a reasonable customer would believe that that delivery fee was a gratuity is not a factual allegation. It's a legal conclusion, which cannot form the basis of a plausible claim here. Plaintiff's complaint lacks the factual allegations that would give rise to a plausible claim. Rather, the allegations and facts in this case, as the district court found, there are three undisputed elements that preclude plaintiffs from asserting a claim here, some of whom we've just talked about. First, the delivery fee is described as a fee for the delivery of groceries and is placed on the order at the time the order is put online. Second, that delivery fee is set. It is $9.95 unless it exceeds $100, in which case it is reduced and can even be reduced further through a coupon. I believe, as we've recognized here today, most customers do not tip less as the amount that they purchase goes up. And thirdly, the website clearly says tipping is optional. It is not expected, but always appreciated. The three words, tipping is optional, leave no room for interpretation. This wasn't on the same portion of the website as the articulation of the delivery fee. It is right underneath, Your Honor. And in our opposition brief, we made sure to show a picture of how that service fee and tipping page of the website appears. It's the same. I'm just trying to understand. Would it be the same screenshot, or would it be a page down? It's the same screenshot. It says, as Mr. Lingle said, there's delivery fee, pickup fee. The tipping is optional language. And then underneath, additional fees. There's a redelivery fee. There's a restocking fee. There's even a check handling fee. If your check bounces, you get charged $10. No one would say that those other fees are gratuities, just as the delivery fee itself shouldn't be a gratuity in this case. Is this page 69 of the appendix? I will say I don't know the exact page, Your Honor. But, yes, it's in our opposition in the statement of facts. Now, plaintiffs essentially argue by defendants not placing a disclaimer on the checkout page that the fee is not a gratuity. And thus, unless there's a disclaimer, pretty much any mandatory fee is going to be considered gratuity under New York law. And that's not the case. If it were, the New York Court of Appeals' extensive analysis of the facts and allegations in Samiento would be completely superfluous. And the Samiento case complaint shows how plaintiff's complaint is deficient here. In Samiento, the fee was expressly linked to the amount of food and drink that the customers ordered. As that amount went up, the service fee went up. And the service fee was also in line with the customary 15 to 20 percent tip that banquet servers would place on fees for grat- on bills for gratuities. And most importantly, the defendants in Samiento represented to customers that the service fee was a gratuity, that it would be paid to the restaurant work staff, and that gratuities were included in the ticket price. That is, the defendants in Samiento represented through their affirmative acts that the delivery fee was a gratuity and allowed their customers to believe the service fee was a gratuity.  It also assumes that defendants allowed their customers to believe that delivery fee was a gratuity. Say, for example, by not responding to a question, what is the delivery fee? The website explains what a delivery fee is. They also didn't preclude their drivers or plaintiffs here from answering a question about the delivery fee or from accepting fees from the customers directly, which was what would happen in this instance. None of those allegations are present here. And with respect to the hospitality industry wage order and the Department of Labor's opinion letters, which we would argue do not apply here anyway, the district courts still analyze the claims under those, the regulation and the opinion letter, under the totality of the circumstances test that the court is asked to use in reviewing the claim on a motion to dismiss. And under the wage order, that wage order doesn't apply to charges for food, beverages, lodging, and other specified materials or services. The delivery fee is exactly that. It is a specified fee for the delivery of groceries. And as for the opinion letter, which addressed whether a banquet service charge should be distributed to the wage staff as a gratuity, the opinion letter sets forth a non-exhaustive list of factors relevant to that determination. And the district court went through each of those factors and found when weighing them all under the totality of the circumstances that the lack of a tip line on the order form did not outweigh the remaining facts and allegations in this case. Again, we would say that neither the wage order nor the opinion letter apply here. The wage order by its name applies to the hospitality industry, which includes only restaurants and hotels, not supermarkets. And the opinion letter was issued directly in response to a question relating to banquet contracts and by its terms was confined to those contracts. Neither the wage order nor the opinion letter indicate that they should be applied here. In the end, the district court properly applied the standards and analysis in reviewing plaintiff's complaint and found that plaintiffs failed to state a tip claim under the New York labor law. Despite having ample opportunity to plead their claim, including an opportunity to amend their complaint after seeing our pre-motion letter dismissed, plaintiffs have failed to plead sufficient factual allegations to show that a reasonable customer would understand the delivery fee was actually a tip paid to the drivers. And we agree with you as to this conclusion. We need not address the preemption claim, right? Right, Your Honor. And I know Mr. Lengel just referred to discovery in this case, and that's not begun. There's been no statement in any of the briefings to date that any discovery would change any of the facts as pled or the allegations here. And really, nothing plaintiffs can say or allege are going to alter those three undisputed facts that we spoke about earlier. The fee is for the delivery of groceries. It is a set amount that only decreases as the amount of the order increases. And the language on the website is clear. Tipping is optional. It is up to the customer whether or not they want to tip the delivery driver. And for those reasons, the district court's decision should be affirmed. Thank you. Just a couple of follow-up points, Your Honor. So this is not a totality of the disclosure test. It is a totality of the circumstances test. The district court rejected the notion that the Department of Labor guidance concerning what disclosures would be necessary for the employer to keep the fee applied to this case. It rejected that notion. And so what we have, then, is a totality of the circumstances test. That test cannot be fully done until we have all the facts. My colleague suggested that those facts would not change. Well, what if it was the case that those fees were not as disclosed on the website and did differ in a way that was not put on the website? That fact may make a difference here. And so what we really are dealing with, that's why we're dealing with a totality of the circumstances test and why we need full factual development before that can be decided. He also suggested that the district court went through the opinion letter and applied those factors to the case here. The problem with that analysis under the opinion letter is that if you look at the first factor, the notice that the opinion letter is discussing is notice to the customer that the employer is not keeping the fee. It's not notice in general. It's a particular notice. And so if the court had actually applied the opinion letter the way it's written, there would be no basis on which to find for the defendants. Finally, my colleague did mention the fact that the district court did a balancing and did a balancing of the facts. I submit that's an improper thing to do on a motion to dismiss where there are factual issues, and therefore the case should be reversed and remanded. Thank you. Thank you both. Nicely done, and we will take it under advisement.